UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE CORNELL MORRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 15-7075 JC<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AS TIME-BARRED |

### I. SUMMARY

On August 31, 2015, Donte C. Morris ("petitioner"), a prisoner in state custody who is proceeding *pro se*, signed a document entitled "Notice of Appeal and Request for Order to Show Probable Cause [etc.]," which, in light of its contents, this Court construed to be a Petition for Writ of Habeas Corpus ("Original Petition") challenging petitioner's conviction in Los Angeles County Superior Court Case No. NA080775.[1]

On September 8, 2015, the Clerk received another submission from petitioner which consisted of a completed form Petition for Writ of Habeas Corpus by a Person in State Custody and accompanying documents. In light of its

---

[1] The Original Petition was in an envelope postmarked September 1, 2015, was received by the Clerk and lodged on September 4, 2015, and was formally filed on September 8, 2015.

contents, and because it cured deficiencies in the Original Petition, the Court construed the foregoing submission to be a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition" or "FAP"), ordered the Clerk to file it as such, and deemed it to be the operative pleading in this action.[2]

Construed liberally, the First Amended Petition – like the Original Petition – essentially claims that petitioner received ineffective assistance of counsel in connection with his nolo contendere plea, rendering the plea uninformed and involuntary. (FAP at 5).

On November 16, 2015, respondent filed a Motion to Dismiss the First Amended Petition with a supporting memorandum ("Motion"), arguing that the First Amended Petition should be dismissed with prejudice as untimely.[3] (Motion at 3-6). Respondent concurrently lodged multiple documents ("Lodged Doc."). Petitioner has not filed an opposition to the Motion and the deadline to do so has expired.

Based on the record and the applicable law, and for the reasons discussed below, the Motion is granted and the First Amended Petition is dismissed with prejudice because it is time-barred.[4]

///
///

---

[2]The First Amended Petition appears to have been signed by petitioner on August 31, 2015 and was in an envelope postmarked September 2, 2015. It is accompanied by, among other things, a "supporting facts" attachment ("FAP Facts"), a memorandum ("FAP Memo") and three exhibits consisting of the decisions of the Los Angeles County Superior Court ("FAP Ex. A"), the California Court of Appeal ("FAP Ex. B"), and the California Supreme Court ("FAP Ex. C"), denying petitioner's state habeas petitions.

[3]Respondent also argues that the First Amended Petition should be dismissed because petitioner names an improper respondent. (Motion at 2-3).

[4]All parties have consented to have a United States Magistrate Judge conduct all proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment. (Docket Nos. 15-17).

## II. PROCEDURAL HISTORY

On March 2, 2010, in accordance with a plea agreement, petitioner pleaded nolo contendere to one count of attempted murder (Cal. Penal Code §§ 187(a), 664; count 1), two counts of assault with a firearm (Cal. Penal Code § 245(a)(2); counts 2 and 4), and one count of carrying a loaded firearm (Cal. Penal Code § 12031(a)(1); count 10), and admitted a gang enhancement allegation (Cal. Penal Code § 186.22(a)(1)(B)) and multiple firearm enhancement allegations (Cal Penal Code §§ 12022.5(a), (d)). (Lodged Doc. 1, Ex. A8-A9).[5] On the same date, the trial court sentenced petitioner to state prison for a total of 24 years, 4 months. (Lodged Doc. 1, Ex. A9).[6]

On December 15, 2010, the trial court issued an amended abstract of judgment correcting a clerical error in the original abstract of judgment. (Lodged Doc. 1, Ex A13). Petitioner did not pursue a direct appeal.[7]

---

[5]Counts 3, 5-9, and 11 (which included three additional attempted murder charges and two additional assault with a firearm charges) were dismissed in furtherance of justice pursuant to California Penal Code Section 1385. (Lodged Doc. 1, Ex. A1, A8-A9).

[6]More specifically, the state court's 24 years, 4 months sentence consisted of: (1) a total of 19 years on count 1 and the related gang enhancement (an upper term sentence of nine years on count 1, plus 10 years for the gang enhancement); (2) a consecutive total of 28 months on count 2 and the related firearm enhancement (12 months on count 2 (1/3 of the mid-term of 36 months), plus 16 months on the firearm enhancement (1/3 of the mid-term of 48 months)); (3) a consecutive total of 28 months on count 4 and the related firearm enhancement (12 months on count 4 (1/3 of the mid-term of 36 months), plus 16 months on the firearm enhancement (1/3 of the mid-term of 48 months)); and (4) a consecutive 8 months on count 10 (1/3 of the mid-term of 24 months). (Lodged Doc. 1, Ex. A9-A11). Petitioner appears to have mistakenly read such minutes to reflect that one of his co-defendants, Krystal C. Womack, was sentenced to 5 years, 4 months in state prison. See Lodged Doc. 1 [memorandum at 2 & handwritten notation on Ex. A10].

[7]Although the First Amended Petition alleges that petitioner appealed to the California Court of Appeal and California Supreme Court (FAP at 2-3), the information supplied instead corresponds to habeas petitions filed in such courts, rather than a direct appeal. The habeas petition petitioner filed in the Los Angeles County Superior Court affirmatively reflects that
(continued...)

On October 15, 2014, petitioner constructively filed a habeas petition in the Los Angeles County Superior Court ("First State Petition"), which such court denied on November 19, 2014. (Lodged Doc. 1; FAP at 4; FAP Ex A).[8]

On February 11, 2015, petitioner constructively filed a habeas petition in California Court of Appeal Case No. B262085 ("Second State Petition"), which such court denied on March 12, 2015. (Lodged Doc. 2; FAP at 3; FAP Ex B).[9]

On April 28, 2015, petitioner constructively filed a habeas petition in California Supreme Court Case No. S226197 ("Third State Petition"), which such court denied without comment or citation to authority on July 8, 2015. (Lodged Doc. 3; FAP at 3; FAP Ex C).

As noted above, petitioner signed and is deemed to have constructively filed the Original Petition and the First Amended Petition on August 31, 2015.[10]

---

[7](...continued)
petitioner did not appeal. (Lodged Doc. 1 at 5). Further, the dockets of the California Court of Appeal and the California Supreme Court – available via http://appellatecases.courtinfo.ca.gov, and of which the Court takes judicial notice – contain no record of petitioner filing a direct appeal. See Fed. R. Evid. 201; Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[8]In the denying the First State Petition, the Superior Court stated: "The [First State Petition] fails to show the existence of an issue that has a reasonable potential for success. There is nothing in the [First State Petition] that casts a doubt on the accuracy and reliability of the trial proceedings. The [First State Petition] fails to show a fundamental miscarriage of justice occurred." (FAP Ex A).

[9]In the denying the Second State Petition, the Court of Appeal stated: "The [Second State Petition] is denied as petitioner has failed to provide sufficient facts to indicate his counsel was ineffective and, as a result, his plea was involuntary [citations], and he has failed to provide a record adequate for review [citations]." (FAP Ex B) (citations omitted).

[10]Pursuant to the mailbox rule, as set forth in Houston v. Lack, 487 U.S. 266, 271-76, (1988), the date a prisoner provides a federal habeas application to prison authorities for mailing is treated as the date of filing for statute of limitations purposes. Consequently, this Court treats August 31, 2015, the earliest date on which petitioner could have provided the Original Petition and the First Amended Petition to prison authorities for mailing, as their constructive filing date.
(continued...)

## III. DISCUSSION

### A. Accrual of the Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations exists for the filing of habeas petitions by persons in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

As petitioner did not pursue a direct appeal, his conviction became final no later than Monday, February 14, 2011 – effectively sixty days after the abstract of judgment was amended on December 15, 2010.[11]  See Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days after rendition of judgment). Accordingly,

---

[10](...continued)
The Court has similarly treated the signature date on other documents filed by petitioner when he was proceeding *pro se* as the constructive filing dates.

[11]As February 13, 2011 – the actual sixtieth day after December 15, 2010 – was a Sunday, February 14, 2011 was the final day for petitioner to timely file a notice of appeal from the amended abstract of judgment. See Cal. Code Civ. Proc. §§ 10, 12a(a); Cal. R. Ct. 8.308(a); Lopez v. Felker, 536 F. Supp. 2d 1154, 1156-57 & n.3 (C.D. Cal. 2008). The Court recognizes that the conviction may well have become final on an earlier date, *i.e.*, on May 1, 2010 – sixty days from the March 2, 2010 sentencing (see Motion at 4 & n.7), but affords petitioner the benefit of the doubt for purposes of the instant statute of limitations analysis, particularly since doing so does not alter the outcome.

the statute of limitations commenced to run no later than February 15, 2011, unless subsections B, C or D of 28 U.S.C. § 2244(d)(1) apply in the present case. See 28 U.S.C. § 2244(d)(1)(A). Here, petitioner does not claim, and the Court does not find, that these sections apply to provide a later commencement date in petitioner's case.

Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present case. Petitioner does not allege, and this Court finds no indication, that any illegal state action prevented petitioner from filing the present Petition sooner.

Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the present case. Petitioner's claim is not predicated on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[12]

Nor does subsection D of 28 U.S.C. § 2244(d)(1) furnish a later trigger date for the commencement of the statute of limitations. Under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001), cert. denied, 549 U.S. 904 (2006). Section 2244(d)(1)(D) does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances. Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.), cert. denied, 133 S. Ct. 769 (2012). "[T]o have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both

---

[12]To the extent petitioner intends to suggest by citation thereto (FAP Memo at 5-6), that Missouri v. Frye, 132 S. Ct. 1309 (2012) provides a later trigger date for the statute of limitations, he is incorrect. See Buenrostro v. United States, 697 F.3d 1137, (9th Cir. 2012) (Missouri v. Frye did not decide a new rule of constitutional law).

6

unreasonable performance *and* resulting prejudice." Hasan, 254 F.3d at 1154 (9th Cir. 2001) (emphasis in original). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Here, petitioner essentially claims that his plea was unknowing and involuntary because his attorney employed "scare tactics" by assertedly incorrectly advising him that one of his co-defendants – Kristen Floyd – was sentenced to 13 years in prison and that another of his co-defendants – Krystal Womack – was sentenced to 15 years to life in prison. (FAP Facts at 1, 4). As best as the Court can determine, petitioner's contention that his attorney's advisement was incorrect is predicated on his learning on some unspecified date from unspecified friends that one of the two co-defendants in issue – Floyd – was not in prison. (FAP Facts at 1, 4). He does not articulate the basis for his belief that his attorney's advisement regarding Womack was incorrect.[13] Nor does he allege, let alone demonstrate that he became aware of the "fact" regarding Floyd not being in prison before his conviction became final, or that he exercised reasonable diligence in discovering such "fact."

Consequently, the statute of limitations commenced to run no later than February 15, 2011, and, absent statutory tolling, expired no later than February 14, 2012.[14]

///
///

---

[13] In the First State Petition petitioner argued – based on a misreading of the state court docket – that the other co-defendant – Womack – was sentenced to only 5 years, 4 months in prison. See supra note 6. Petitioner has not so argued in the First Amended Petition in the instant case, perhaps because he recognized that he had misread the docket.

[14] Petitioner has neither asserted nor demonstrated that equitable tolling is appropriate.

**B.     Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).

The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted).

Petitioner neither filed, nor had pending any state habeas petition during the period in which the statute of limitations was running – February 15, 2011 to February 14, 2012. As noted above, the First State Petition was not filed until October 15, 2014. (Lodged Doc. 1). Petitioner's late-filed state habeas petitions cannot toll the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), cert. denied, 540 U.S. 924 (2003).

Consequently, statutory tolling cannot render the Petition timely filed – the statute of limitations expired on February 14, 2012, more than three years before petitioner initiated the instant action.

///
///
///
///
///
///
///

**IV.    ORDERS**

IT IS THEREFORE ORDERED that the Motion is granted and the operative First Amended Petition is dismissed with prejudice as time-barred.[15]

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly.

DATED:  February 2, 2016

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[15] Alternatively, dismissal is appropriate because petitioner names only the State of California as a respondent and fails to name a proper respondent (*i.e.*, the warden at the facility at which he is housed), which destroys personal jurisdiction.  See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (appropriate respondent in habeas action is petitioner's immediate custodian); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (failure to name proper respondent, *i.e.*, the state officer having custody of him – typically the warden of the facility in which the petitioner is incarcerated – destroys personal jurisdiction); Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (federal courts justified in refusing to act on habeas petition where it incorrectly names State of California, rather than warden where petitioner detained, as respondent); see also 28 U.S.C. § 2242 (habeas application must allege name of person who has custody over petitioner); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto (where petitioner in custody due to challenged state action, named respondent shall be state officer having official custody of him, *e.g.*, the warden of the prison).